IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL T. DERICHS, )
 )
              Plaintiff, )
 )
v. ) Case No. 16-2346-JWL
 )
AT&T SERVICES, INC., )
 )
              Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

Pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, plaintiff sought review in this Court of the denial of his claim for disability benefits under an employee benefits plan administered by defendant. The parties agreed that the case could be decided by the Court on the basis of the record before the Plan administrator. By Memorandum and Order of May 9, 2018, the Court concluded that the Plan's definition of "totally disabled" was subject on its face to two possible interpretations and that the administrator did not make clear which interpretation it applied in denying plaintiff's claim. The Court proceeded to interpret the provision as urged by plaintiff, under which plaintiff would be deemed disabled if he could not perform any one of the essential functions of his job. The Court then remanded the case for a new determination by the claims administrator under the Court's interpretation of the governing provision.

*See Derichs v. AT&T Servs., Inc.*, 2018 WL 2134067 (D. Kan. May 9, 2018). As far as the Court has been informed, that new determination has not been completed.

Plaintiff now moves for an award of attorney fees (Doc. # 41). For the reasons set forth below, the Court **grants the motion in part and denies the motion without prejudice in part**. Specifically, the Court awards plaintiff attorney fees in the amount of $3,175.00, representing fees incurred relating to the particular issue of interpretation resolved by the Court. Plaintiff's request for additional fees is denied without prejudice, which request may be renewed as appropriate when plaintiff's claim for benefits has been finally resolved.

The first issue is whether plaintiff is eligible for a fee award in this case at this time. Plaintiff seeks an award of fees pursuant to 29 U.S.C. § 1132(g)(1), which provides that in an ERISA action the court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." *See id.* In *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242 (2010), the Supreme Court rejected the argument that fees could only be awarded under Section 1132 to a "prevailing party", and it held instead that "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *See id.* at 252, 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). The Court elaborated on that standard as follows:

> A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue.

*See id.* (internal quotations and citations omitted). The Court further concluded that, even though the plaintiff did not win summary judgment on her benefits claim, she had achieved "far more than" a trivial or procedural victory in that case, in light of the district court's stated opinion that it had found compelling evidence in plaintiff's favor and that it was inclined to rule in her favor, although it elected instead to remand for another administrative review; and the fact that the plaintiff did receive benefits on remand. *See id.* at 256. Accordingly, the Supreme Court decided that it did not need to decide whether "a remand order, without more," constitutes "some success on the merits" for purposes of this fee statute. *See id.*

In the present case, the parties disagree about whether plaintiff has met this standard requiring "some degree of success on the merits." Plaintiff argues that he succeeded to a non-trivial degree because the Court adopted his interpretation of the governing Plan provision and he received another opportunity for a favorable ruling from the administrator. Defendant argues that plaintiff achieved only a technical or procedural victory because the Court did not award plaintiff benefits and, as the Court noted in its prior opinion, plaintiff's claim could still be denied on remand.[1]

The Tenth Circuit has not weighed in on this question left unanswered by the Supreme Court in *Hardt*, and district courts have ruled both ways. *See, e.g.*, *Benjamin v. Oxford Health Ins., Inc.*, 2018 WL 3489588, at *10 (D. Conn. July 19, 2018) (noting that

---

[1] In its prior opinion, the Court expressly noted that it was not intending to offer any suggestion concerning how it would rule if it had to review a subsequent denial by the administrator under the interpretation adopted by the Court.

3

many other courts have found "remand simpliciter" or remand alone to constitute "some success on the merits," and citing cases). *But see, e.g.*, *Vivas v. Hartford Life and Accident Ins. Co.*, 2013 WL 5226720, at *3 (S.D. Fla. June 17, 2013) (noting that various courts had concluded that a mere remand was not sufficient under *Hardt*, and citing cases). It appears that the only circuit court cases addressing this issue in light of *Hardt* favor plaintiff's position. *See Gross v. Sun Life Assurance Co. of Canada*, 763 F.3d 73 (1st Cir. 2014); *McKay v. Reliance Std. Life Ins. Co.*, 428 F. App'x 537, 546 (6th Cir. 2011); *see also West Va. Highlands Conservancy, Inc. v. Kampthorne*, 569 F.3d 147, 152-54 (4th Cir. 2009) (under fee award regulation requiring "some success on the merits," remand for further agency review was sufficient). In addition, in a case decided before the Supreme Court enunciated the standard in *Hardt*, the Tenth Circuit, in finding a fee motion not to be ripe in its particular case, expressly noted that fees under ERISA were not necessarily inappropriate simply because the district court remanded the claim instead of ordering benefits directly. *See Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1163 (10th Cir. 2007).

The First Circuit's reasoning in *Gross* is persuasive on this issue. In that case, the court noted that most courts had held that remand to the administrator, "even without guidance favoring an award of benefits or an actual grant of benefits, is sufficient success on the merits to establish eligibility for fees under section 1132(g)(1)." *See Gross*, 763 F.3d at 77 (citing cases). Such courts treated remand as sufficient based on two positive outcomes from the remand order: "(1) a finding that the administrative assessment of the claim was in some way deficient, and (2) the plaintiff's renewed opportunity to obtain

4

benefits or compensation." *See id.* at 78 (citations omitted). The First Circuit found that majority position to be persuasive. *See id.* The court rejected the argument that an award of benefits is required because in *Hardt* the Supreme Court declined to impose such a requirement, and the *Hardt* Court's decision not to answer about the sufficiency of a remand without more could not mean that the "more" must include the receipt of benefits in every case. *See id.* The First Circuit continued:

> Indeed, a remand for a second look at the merits of her benefits application is often the best outcome that a claimant can reasonably hope to achieve from the courts. To classify such success as a minimal or "purely procedural victory" mistakes its importance.

*See id.* at 78-79. Finally, the First Circuit noted that in its own case, it had altered the applicable standard of review, which increased the likelihood of a favorable benefits determination for the plaintiff; thus, there had been some meaningful benefit for the fee-seeker. *See id.* at 79. Accordingly, the court concluded that there was more than a mere remand in its case, which meant that fees were permitted and the First Circuit did not have to decide whether "remand without more" would also be sufficient. *See id.* at 78, 80.

The same result is appropriate in the present case. Defendant argues that this Court has merely required the administrator to explain its decision better; but plaintiff has, in a practical sense, achieved a significant victory in this litigation, as the administrator will now be required to apply a construction of the governing disability definition that favors plaintiff. As the Court noted in its prior order, the administrator did not make clear which of the two alternative constructions it had used in denying plaintiff's claim for benefits, but defendant initially assumed in its briefing that the administrator must have used the

5

construction that favored defendant (not an unreasonable assumption, considering the administrator ordinarily has discretion to interpret the Plan documents). In this case, however, the administrator has lost the opportunity to interpret the relevant term, and as in *Gross*, the likelihood that plaintiff succeeds before the administrator has therefore increased. In light of that success, there is more than a mere remand here, and like the First Circuit, this Court is not required to decide whether "remand simpliciter" is enough under Section 1132(g)(1). Thus, because plaintiff has achieved "some degree of success" here, the Court rejects defendant's argument that plaintiff is not eligible under *Hardt* for an award of fees.

Although plaintiff may be eligible for an award, the decision to award fees remains within the Court's discretion. The Tenth Circuit has identified the following five factors that a court may consider in this context:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*See Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983)). "No single factor is dispositive and a court need not consider every factor in every case." *See id.* (citation omitted).

With respect to the first factor, plaintiff concedes that there is no "overt" bad faith here, and the Court agrees that there is no evidence that defendant or its administrator acted

6

in bad faith. Nor did the administrator violate any particular provisions of ERISA. The administrator was culpable in the sense that it failed to explain how it was interpreting the governing definition or to tie its denial directly to the "essential functions" referenced in the definition, which failure prevented a meaningful review by this Court and necessitated a remand. Thus, there is at least some amount of culpability here, which tilts this factor slightly in plaintiff's favor.

With respect to the second factor, the parties agree that defendant is financially able to satisfy a fee award here.

With respect to the third factor, defendant argues that an award of fees would have little deterrent effect because the circumstances of this case are unique. The Court notes in this regard that, by the terms of its prior order, the Court's interpretation of the relevant term applies only to this plaintiff's claim for benefits, as the administrator retains the discretion to apply its own reasonable interpretation of the term in other cases. Nevertheless, the Court's remand in this case---and an award of fees---could deter administrators from repeating the failure that occurred here, namely the failure to articulate the interpretation and standard applied by the administrator and to tie its decision directly to that standard. Thus, there is some deterrent value here.

With respect to the fourth factor, defendant notes that defendant sought to obtain only his own benefits in this case. Moreover, the Court agrees with defendant that a significant legal question under ERISA has not been resolved here. As noted above, however, future claimants might benefit from this Court's insistence that the administrator make clear its interpretation of the governing standard and its application thereof.

7

Finally, the fifth factor weighs slightly in plaintiff's favor. Plaintiff proved to have the better of the argument concerning the interpretation that the Court would adopt, although defendant's position was not frivolous and was supported by some authority. Of course, the relative merits of the parties' positions on the ultimate question of plaintiff's entitlement to benefits remain unknown.

Thus, considered together, these factors weigh somewhat in favor of an award of fees. As noted above, however, the factors favor plaintiff only to the extent that they relate to the administrator's failure to interpret the Plan language and this Court's subsequent interpretation of that language. The Court concludes that an award of fees tied directly to that issue is appropriate and reasonable at this time. Although defendant urges the Court to await the final resolution of plaintiff's benefit claim, the Court deems it appropriate to award such limited fees now, as it is the remand on favorable terms that represents success and justifies the award. *See Gross*, 763 F.3d at 81-82 (First Circuit concluding that fee issue should be decided even before the benefits claim was fully resolved).

On the other hand, the Court concludes that plaintiff's request for other fees incurred---those unrelated to the specific issue of interpretation addressed and resolved by the Court---is premature. It is not known whether plaintiff's efforts to obtain benefits will ultimately prove successful; thus, the Court cannot ably apply the relevant factors in considering whether plaintiff should be awarded the remainder of his fees. *See Graham*, 501 F.3d at 1161-63 (Tenth Circuit holding that request for fees was premature prior to resolution on remand). Accordingly, the Court denies plaintiff's request for the remainder

of his fees without prejudice, and plaintiff may renew that request as appropriate once his claim for benefits has been finally resolved after remand.

Plaintiff did not address the interpretation of the governing definition in his briefs in support of his own motion for summary judgment. In response to defendant's motion for judgment on the record, plaintiff espoused the interpretation contrary to the one argued by defendant, but plaintiff did not offer any analysis in support of that position. Plaintiff did address this issue in its notice of supplemental authority, and the Court subsequently ordered supplemental briefing on the issue by the parties. Therefore, the Court will award plaintiff his fees incurred with respect to that notice and the supplemental briefing. Those fees total $3,175.00, incurred in 12.6 hours by plaintiff's attorneys.[2] Defendant has not challenged the hourly rates charged by those attorneys, and the Court finds this amount of fees to be reasonably incurred in litigating this particular issue. Accordingly, the Court awards plaintiff fees in the amount of $3,175.00.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's application for attorney fees (Doc. # 41) is **granted in part and denied without prejudice in part**. Specifically, the Court awards plaintiff attorney fees in the amount of $3,175.00, representing fees incurred relating to the particular issue of interpretation resolved by the Court. Plaintiff's request for additional fees is denied without prejudice, which request

---

[2] The Court has ignored time spent by an administrator for plaintiff's attorneys on clerical tasks. *See University of Kan. v. Sinks*, 2009 WL 3191707, at *8 (D. Kan. Sept. 28, 2009).

may be renewed as appropriate when plaintiff's claim for benefits has been finally resolved.

IT IS SO ORDERED.

Dated this 24th day of August, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
